805 F.2d 1033
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
George BURKS, Plaintiff-Appellant,
v.
TENNESSEE VALLEY AUTHORITY, Defendant-Appellee,
 No. 85-5810.
 United States Court of Appeals, Sixth Circuit.
 Oct. 29, 1986.
 
 Before MARTIN, GUY and NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff, George Burks, appeals from the summary judgment granted by the District Court to defendant, in his action based upon alleged employment discrimination by reason of his handicap. During the time he was employed by the agency on a temporary basis as a boilermaker, he suffered an injury to his knee, which required surgery. He returned to work, subject to physical restrictions, and worked as an "air tugger" until his temporary term of employment expired.
 
 
 2
 In view of his inability to any longer perform the traditional tasks of a boilermaker, a fact not disputed by Burks, TVA declined to give him a permanent job in that capacity. In filing an administrative complaint based on handicap employment, Burks requested that he be employed at "a job of whatever I am physically able to do--with boilermaker's pay." After exhausting his administrative remedies, Burks brought suit in the District Court.
 
 
 3
 On appeal, Burks contends that his was a private action brought under Section 501 of the Rehabilitation Act (29 U.S.C. Sec. 791), and that his remedy is broader than that afforded by an antidiscrimination action provided for by Section 504 of the Act (29 U.S.C. Sec. 794), since Section 501(b) imposes upon federal agency employers a duty to pursue affirmative action to meet the special needs of handicapped individuals. TVA's obligation, he contends, extended beyond making reasonable accommodation to the essential functions of the job of boilermaker; it was required to find or create for him a job which he could perform at boilermakers' pay.
 
 
 4
 The agency, on the other hand, contends that its duty is limited to making reasonable accommodation to the specific boilermaker's job sought by Burks, and that, since it is uncontroverted that Burks could not perform the essential functions of that job, even with reasonable accommodation, summary judgment was proper.
 
 
 5
 In an excellent analysis, the District Court correctly concluded that making reasonable accommodation to a handicap, under Section 501, does not require the elimination of essential functions of a job and that, since Burks could not perform essential duties of a boilermaker, TVA was under no duty to accommodate him in that job. The District Court also correctly noted that the element of a plaintiff's prima facie case, that he be a "qualified handicapped person," which we discussed in an appeal involving an action brought under Section 504 [Jasany v. United States Postal Service, 755 F.2d 1244, 1250 (6th Cir.1985) ], is equally applicable in Section 501 actions. Because he could not perform the essential functions of the position, even with reasonable accommodation, Burks could not demonstrate that he was a "qualified handicapped person."
 
 
 6
 In addition, the District Court rejected Burks' argument that an agency must, in effect, hire an applicant, solely because he is handicapped and then tailor a job to his needs, since Section 501 imposes upon federal agencies the duty to engage in affirmative action in making reasonable accommodation for the handicapped. Nothing in Section 501, or in the regulations promulgated pursuant to Section 501 and relied upon by Burks, supports that argument. Accordingly, we agree with the District Court that TVA's obligation under the circumstances of this case was limited to the specific position for which Burks applied and was rejected.
 
 
 7
 Because the District Court correctly concluded that there was no genuine issue as to any material fact, and that the defendant was entitled to judgment as a matter of the law, the judgment of the District Court is affirmed.